# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE SPENCE,<br><br>Plaintiff,<br><br>v.<br><br>LEHMAN BROTHERS BANK, et al.,<br><br>Defendants. | 1:10cv01226 LJO DLB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff Michele Spence ("Plaintiff"), appearing pro se, filed the instant action on July 8, 2010. She names Lehman Brothers Bank, FSB, and Aurora Loan Services, LLC, as Defendants. Plaintiff paid the filing fee and is therefore not appearing in forma pauperis.

**DISCUSSION**

A. Screening Standard

A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6) where the claimant cannot possibly win relief. Omar v.Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987); Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir. 1981). A claim is legally frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Wiliams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A federal court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Nietzke, 490 U.S. at 327.

B. Plaintiff's Allegations

Plaintiff's allegations are based on an alleged deprivation of due process in the foreclosure of her home. According to the complaint, Plaintiff executed an Adjustable Rate Note (the "Note") on September 23, 2005, for Plaza Home Mortgage's home loan in the amount of $267,800.00. The Note is secured by a Deed of Trust recorded with the Madera County Recorder against Plaintiff's property, located at 45865 Strawberry Road, Coarsegold, California, 93614.

Plaintiff alleges that the Note was transferred and assigned to Defendant Lehman Brothers Bank, FSB.

Plaintiff subsequently received a series of notices and documents in the mail regarding the planned foreclosure on her property. She also received a Notice of Default, which was recorded in the Madera County Recorder's Office on February 1, 2010. The Notice of Default states that if the property is in foreclosure, it may be sold without court action. Exh. B, attached to Complaint. Defendant Aurora Loan Services, Inc., is listed as the holder of the Note.

Plaintiff alleges that Defendants did not have standing to foreclose on the property or file an unlawful detainer action against her because they have not produced the original Note or identified the actual Note holder. She contends that these actions deprived her of property without due process of law in violation of the Fifth and Fourteenth Amendments. She also contends that these actions violated various federal and state statutes.

Based on these facts, Plaintiff alleges causes of action for (1) quiet title; (2) slander of title; (3) fraudulent concealment; and (4) negligent misrepresentation. Plaintiff requests monetary and declaratory relief.

C. Failure to Satisfy Federal Rule of Civil Procedure 8

As a threshold issue, Plaintiff's complaint fails to satisfy Federal Rule of Civil Procedure 8. Although the complaint references four causes of action, each cause of action fails to allege facts sufficient to state a claim. Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000).

Rule 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." Id. at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." Id. at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." Yamaguchi v. United States Dep't of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. Id. at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007). The United States Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Twombly, 550 U.S. at 556, n. 3.

The instant complaint is 100 pages in length and contains an additional 100 pages of exhibits. Much of Plaintiff's complaint is either repetitive or a historical account of the banking industry. In other words, the complaint contains very little factual information. While the complaint references alleged legal wrongs, it provides little, if any, factual support for each alleged wrongful action. The complaint therefore lacks facts to support claims or valid,

cognizable legal theories as to either Defendant. It lacks specific, clearly defined allegations and fails to give Defendants fair notice of the claims against them.

D. Failure to Tender Indebtedness

Plaintiff's complaint also fails to allege that she tendered the amount of the debt owed. "A tender is an offer of performance made with the intent to extinguish the obligation." Arnolds Mgmt. Corp. v. Eischen, 158 Cal.App.3d 575, 580 (1984) (citing Cal. Civ. Code, § 1485; Still v. Plaza Marina Commercial Corp., 21 Cal.App.3d 378, 385 (1971)). "A tender must be one of full performance . . . and must be unconditional to be valid." Id. "Nothing short of the full amount due the creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount." Rauer's Law etc. Co. v. S. Proctor Co., 40 Cal.App. 524, 525 (1919).

A defaulted borrower is "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." Abdallah v. United Sav. Bank, 43 Cal.App.4th 1101, 1109 (1996). "A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." Sipe v. McKenna, 88 Cal.App.2d 1001, 1006 (1948).

In FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal.App.3d 1018, 1021 (1989), the California Court of Appeal explained:

> . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." . . . . This rule . . . is based upon the equitable maxim that a court of equity will not order a useless act performed. . . . "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs. (Citations omitted.)

An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes. Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971). The basic rule is that an offer of performance is of no effect if the person making it is not able to perform. Id. at118. Simply put, if the offeror "is

without the money necessary to make the offer good and knows it" the tender is without legal force or effect. Id. at 118. "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property." United States Cold Storage v. Great Western Sav. & Loan Assn., 165 Cal.App.3d 1214, 1224 (1985). "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender." Arnolds Mgmt., 158 Cal.App.3d at 579.

"It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934); see Mix v. Sodd, 126 Cal.App.3d 386, 390 (1981) ("a mortgagor in possession may not maintain an action to quiet title, even though the debt is unenforceable"); Aguilar v. Bocci, 39 Cal.App.3d 475, 477 (1974) (trustor is unable to quiet title "without discharging his debt").

Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." Fleming v. Kagan, 189 Cal.App.2d 791, 796 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen, 15 Cal.App.3d at 117. Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales." Residential Capital v. Cal-Western Reconveyance Corp., 108 Cal.App.4th 807, 820-821 (2003).

"The rules which govern tenders are strict and are strictly applied." Nguyen v. Calhoun, 105 Cal.App.4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." Gaffney v. Downey Savings & Loan Assn., 200

Cal.App.3d 1154, 1165 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." Id.

Plaintiff's complaint does not reference her tender of indebtedness. This silence is construed as a concession of inability to do so. Without Plaintiff's meaningful tender, the remedies she seeks are unavailable.

E. Amendment

Based on the above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. In amending her complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Plaintiff may file an amended complaint within thirty (30) days of the date of service of this order. Plaintiff's complaint should be clearly titled, "First Amended Complaint," and shall refer to the case number assigned to this action. It must contain a short and plain statement of her claims and must clearly set forth the causes of action alleged against each Defendant. If Plaintiff does not file an amended complaint within this time frame and in accordance with this order, the Court will recommend that this action be dismissed.

IT IS SO ORDERED.

**Dated: July 19, 2010**

**/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE