1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  MICHELE SPENCE,                        CASE NO. CV F 10-1226 LJO DLB

12                    Plaintiffs,          **ORDER TO DENY INJUNCTIVE RELIEF**
                      vs.                  (Doc. 3.)
13
    LEHMAN BROTHERS BANK,
14  FSB, et al.,

15                    Defendants.
                                        /
16

17                            **INTRODUCTION**

18          On July 16, 2010, plaintiff Michele Spence ("Ms. Spence") filed papers which this Court

19  construes to seek a temporary restraining order ("TRO") to enjoin foreclosure of her Coursegold,

20  California property ("property").  Ms. Spence's complaint ("complaint") is 199 pages and is largely

21  indecipherable in that it quotes various irrelevant legal authorities to render it subject to this Court's sua

22  sponte dismissal.  For the reasons discussed below, this Court DENIES Ms. Spence a TRO to enjoin

23  foreclosure.

24                            **DISCUSSION**

25                       **Injunctive Relief Standards**

26          Ms. Spence fails to demonstrate that she is entitled to injunctive relief.  The purpose of a

27  preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the

28  moving party that justice requires the court to intervene to secure the positions until the merits of the

                                        1

1  action are ultimately determined.  *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).  A

2  preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable

3  success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance

4  of hardship tips in its favor."  *Arcamuzi v. Continental Air Lines, Inc.*, 819 F. 2d 935, 937 (9th Cir.

5  1987).  Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury."

6  *Arcamuzi*, 819 F.2d at 937.  Also, an injunction should not issue if the plaintiff "shows no chance of

7  success on the merits."  *Arcamuzi*, 819 F.2d at 937.  At a bare minimum, the plaintiff "must demonstrate

8  a fair chance of success of the merits, or questions serious enough to require litigation."  *Arcamuzi*, 819

9  F.2d at 937.

10      As discussed below, Ms. Spence fails to demonstrate probable success on her claims or

11  significant threat of irreparable injury, especially given her default.

## Failure To Tender Indebtedness

13      Ms. Spence's failure to tender, and apparent inability to tender, the amount owing on her loan

14  dooms her claims and in turn her TRO request.

15      "A tender is an offer of performance made with the intent to extinguish the obligation."  *Arnolds*

16  *Management Corp. v. Eischen*, 158 Cal.App.3d 575, 580, 205 Cal.Rptr. 15 (1984) (citing Cal. Civ.

17  Code, § 1485; *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414

18  (1971)).  "A tender must be one of full performance . . . and must be unconditional to be valid."  *Arnolds*

19  *Management*, 158 Cal.App.3d at 580, 205 Cal.Rptr. 15.  "Nothing short of the full amount due the

20  creditor is sufficient to constitute a valid tender, and the debtor must at his peril offer the full amount."

21  *Rauer's Law etc. Co. v. S. Proctor Co.,* 40 Cal.App. 524, 525, 181 P. 71 (1919).

22      A defaulted borrower is "required to allege tender of the amount of [the lender's] secured

23  indebtedness in order to maintain any cause of action for irregularity in the sale procedure."  *Abdallah*

24  *v. United Savings Bank*, 43 Cal.App.4th 1101, 1109, 51 Cal.Rptr.2d 286 (1996), *cert. denied*, 519 U.S.

25  1081, 117 S.Ct. 746 (1997).  "A party may not without payment of the debt, enjoin a sale by a trustee

26  under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale,

27  even though the statute of limitations has run against the indebtedness."  *Sipe v. McKenna*, 88

28  Cal.App.2d 1001, 1006, 200 P.2d 61 (1948).

1    In *FPCI RE-HAB 01 v. E & G Investments, Ltd.*, 207 Cal.App.3d 1018, 1021, 255 Cal.Rptr. 157

2  (1989), the California Court of Appeal explained:

3      . . . generally "an action to set aside a trustee's sale for irregularities in sale notice or
        procedure should be accompanied by an offer to pay the full amount of the debt for
4      which the property was security." . . . . This rule . . . is based upon the equitable maxim
        that a court of equity will not order a useless act performed. . . . "A valid and viable
5      tender of payment of the indebtedness owing is essential to an action to cancel a voidable
        sale under a deed of trust." . . . The rationale behind the rule is that if plaintiffs could not
6      have redeemed the property had the sale procedures been proper, any irregularities in the
        sale did not result in damages to the plaintiffs.  (Citations omitted.)

7

8    An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state

9  a cause of action which a court of equity recognizes.  *Karlsen v. American Sav. & Loan Assn.*, 15

10 Cal.App.3d 112, 117, 92 Cal.Rptr. 851 (1971).  The basic rule is that an offer of performance is of no

11 effect if the person making it is not able to perform.  *Karlsen*, 15 Cal.App.3d at118, 92 Cal.Rptr. 851

12 (citing Cal. Civ. Code, § 1495.)  Simply put, if the offeror "is without the money necessary to make the

13 offer good and knows it" the tender is without legal force or effect.  *Karlsen*, 15 Cal.App.3d at118, 92

14 Cal.Rptr. 851 (citing several cases).  "It would be futile to set aside a foreclosure sale on the technical

15 ground that notice was improper, if the party making the challenge did not first make full tender and

16 thereby establish his ability to purchase the property."  *United States Cold Storage v. Great Western*

17 *Savings & Loan Assn.,*  165 Cal.App.3d 1214, 1224, 212 Cal.Rptr. 232 (1985).  "A cause of action

18 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid

19 tender."  *Arnolds Management*, 158 Cal.App.3d at 579, 205 Cal.Rptr. 15.

20     "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without

21 paying the debt secured."  *Shimpones v. Stickney*, 219 Cal. 637, 649, 28 P.2d 673 (1934); *see Mix v.*

22 *Sodd*, 126 Cal.App.3d 386, 390, 178 Cal.Rptr. 736 (1981) ("a mortgagor in possession may not maintain

23 an action to quiet title, even though the debt is unenforceable"); *Aguilar v. Bocci*, 39 Cal.App.3d 475,

24 477, 114 Cal.Rptr. 91 (1974) (trustor is unable to quiet title "without discharging his debt").

25     Moreover, to obtain "rescission or cancellation, the rule is that the complainant is required to do

26 equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the

27 plaintiff has received in the transaction. . . . The rule applies although the plaintiff was induced to enter

28 into the contract by the fraudulent representations of the defendant."  *Fleming v. Kagan*, 189 Cal.App.2d

3

791, 796, 11 Cal.Rptr. 737 (1961). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen,* 15 Cal.App.3d at 117, 92 Cal.Rptr. 851. Analyzing "trust deed nonjudicial foreclosure sales issues in the context of common law contract principles" is "unhelpful" given "the comprehensive statutory scheme regulating nonjudicial foreclosure sales." *Residential Capital v. Cal-Western Reconveyance Corp.*, 108 Cal.App.4th 807, 820, 821, 134 Cal.Rptr.2d 162 (2003).

"The rules which govern tenders are strict and are strictly applied." *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439, 129 Cal.Rptr.2d 436 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Savings & Loan Assn.,* 200 Cal.App.3d 1154, 1165, 246 Cal.Rptr. 421 (1988). The debtor bears "responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect." *Gaffney*, 200 Cal.App.3d at 1165, 246 Cal.Rptr. 421.

Neither the complaint nor record references Ms. Spence's tender of indebtedness or meaningful ability to do so. The record's silence on Ms. Spence's tender of or ability to tender amounts outstanding is construed as her concession of inability to do so. Without Ms. Spence's meaningful tender, Ms. Spence seeks empty remedies, not capable of being granted, and there is no possibility of irreparable harm to Ms. Spence. The claims against defendants are subject to dismissal in the absence of a sufficiently alleged tender of loan proceeds.

### Note Possession

Ms. Spence appears to challenge ability to foreclose on the property. She raises numerous notions that have been rejected routinely by this Court and others, including absence of possession of her promissory note.

Under California law, a lender may pursue non-judicial foreclosure upon default with a deed of trust with a power of sale clause. "Financing or refinancing of real property is generally accomplished in California through a deed of trust. The borrower (trustor) executes a promissory note and deed of trust, thereby transferring an interest in the property to the lender (beneficiary) as security for repayment

1    of the loan." *Bartold v. Glendale Federal Bank,* 81 Cal.App.4th 816, 821, 97 Cal.Rptr.2d 226 (2000).

2    A deed of trust "entitles the lender to reach some asset of the debtor if the note is not paid." *Alliance*

3    *Mortgage Co. v. Rothwell,* 10 Cal.4th 1226, 1235, 44 Cal.Rptr.2d 352 (1995).

4         If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender

5    may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236-237,

6    286 P. 693 (1930). The California Court of Appeal has explained non-judicial foreclosure under the

7    applicable California Civil Code sections:

8         The comprehensive statutory framework established to govern nonjudicial
     foreclosure sales is intended to be exhaustive. . . . It includes a myriad of rules relating
9    to notice and right to cure. It would be inconsistent with the comprehensive and
     exhaustive statutory scheme regulating nonjudicial foreclosures to incorporate another
10        unrelated cure provision into statutory nonjudicial foreclosure proceedings.

11   *Moeller v. Lien,* 25 Cal.App.4th 822, 834, 30 Cal.Rptr.2d 777 (1994); *see I.E. Assoc. v. Safeco Title Ins.*

12   *Co.*, 39 Cal.3d 281, 285, 216 Cal.Rptr. 438 (1985) ("These provisions cover every aspect of exercise of

13   the power of sale contained in a deed of trust.")

14        Under California Civil Code section 2924(a)(1), a "trustee, mortgagee or beneficiary or any of

15   their authorized agents" may conduct the foreclosure process.  Under California Civil Code section

16   2924b(4), a "person authorized to record the notice of default or the notice of sale" includes "an agent

17   for the mortgagee or beneficiary, an agent of the named trustee, any person designated in an executed

18   substitution of trustee, or an agent of that substituted trustee."  "Upon default by the trustor, the

19   beneficiary may declare a default and proceed with a nonjudicial foreclosure sale."  *Moeller*, 25

20   Cal.App.4th at 830, 30 Cal.Rptr.2d 777.

21        A "trustee or mortgagee may be liable to the trustor or mortgagor for damages sustained where

22   there has been an illegal, fraudulent or wilfully oppressive sale of property under a power of sale

23   contained in a mortgage or deed of trust."  *Munger v. Moore*, 11 Cal.App.3d 1, 7, 89 Cal.Rptr. 323

24   (1970).

25        "Under Civil Code section 2924, no party needs to physically possess the promissory note."

26   *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, §

27   2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording of a notice of default and

28   election to sell by the trustee." *Moeller*, 25 Cal.App.4th at 830, 30 Cal.Rptr.2d 777.  An "allegation that

1   the trustee did not have the original note or had not received it is insufficient to render the foreclosure

2   proceeding invalid." *Neal v. Juarez*, 2007 WL 2140640, *8 (S.D. Cal. 2007).

3      A purported challenge to produce an original note is unsupported.  The record lacks facts of

4   failure to comply with the statutory scheme for non-judicial foreclosure.  A purported unlawful

5   foreclosure claim fails as a matter of law, especially in the absence of allegations of misconduct in the

6   foreclosure proceedings.

7   **Absence Of Actionable Duties**

8      Nothing in the record reflects Ms. Spence's fair chance of success on the merits or the existence

9   of serious questions to require litigation, especially given the absence of actionable duties to impose

10  liability on defendants.

11     There is no actionable duty between a lender and borrower in that loan transactions are arms-

12  length.  A lender "owes no duty of care to the [borrowers] in approving their loan.  Liability to a

13  borrower for negligence arises only when the lender 'actively participates' in the financed enterprise

14  'beyond the domain of the usual money lender.'" *Wagner v. Benson*, 101 Cal.App.3d 27, 35, 161

15  Cal.Rptr. 516 (1980) (citing several cases).  "[A]s a general rule, a financial institution owes no duty of

16  care to a borrower when the institution's involvement in the loan transaction does not exceed the scope

17  of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, 231

18  Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53 (1991); *see Myers v. Guarantee Sav. & Loan Assn.*, 79

19  Cal.App.3d 307, 312, 144 Cal. Rptr. 616 (1978) (no lender liability when lender did not engage "in any

20  activity outside the scope of the normal activities of a lender of construction monies").

21     "Public policy does not impose upon the Bank absolute liability for the hardships which may

22  befall the [borrower] it finances." *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516.  The success of

23  a borrower's investment "is not a benefit of the loan agreement which the Bank is under a duty to

24  protect." *Wagner*, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516 (lender lacked duty to disclose "any

25  information it may have had").

26     The complaint lacks facts to support an actionable duty to impose on defendants.  "No such duty

27  exists" for a lender "to determine the borrower's ability to repay the loan. . . . The lender's efforts to

28  determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the

6

1   borrower's."  *Renteria v. United States*, 452 F.Supp.2d 910, 922-923 (D. Ariz. 2006) (borrowers "had

2   to rely on their own judgment and risk assessment to determine whether or not to accept the loan").  The

3   complaint lacks facts of special circumstances to impose duties on defendants in that the complaint

4   depicts an arms-length loan transaction, nothing more.  The complaint fails to substantiate a special

5   lending relationship or an actionable breach of duty to substantiate a negligence claim.

6          "The relationship between a lending institution and its borrower-client is not fiduciary in nature."

7   *Nymark*, 231 Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53 (1991) (citing *Price v. Wells Fargo Bank,* 213

8   Cal.App.3d 465, 476-478, 261 Cal.Rptr. 735 (1989)).  A commercial lender is entitled to pursue its own

9   economic interests in a loan transaction. *Nymark*, 231 Cal.App.3d at 1093, n. 1, 283 Cal.Rptr. 53(citing

10  *Kruse v. Bank of America,* 202 Cal.App.3d 38, 67, 248 Cal.Rptr. 217 (1988)).  Absent "special

11  circumstances" a loan transaction is "at arms-length and there is no fiduciary relationship between the

12  borrower and lender."  *Oaks Management*, 145 Cal.App.4th at 466, 51 Cal.Rptr.3d 561 ("the bank is in

13  no sense a true fiduciary"); *see Downey v. Humphreys,* 102 Cal.App.2d 323, 332, 227 Cal.Rptr. 484

14  (1951) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.").

15         This Court is familiar with Ms. Spence's purported claims which many prior defaulted borrowers

16  have pursued unsuccessfully.  Neither Ms. Spence nor the record offers anything to suggest a fair chance

17  of success on the merits or irreparable harm given Ms. Spence's default and inability to tender.  This

18  Court considers Ms. Spence's TRO request as a further tactic to attempt to delay foreclosure

19  proceedings.  This Court intends to dismiss the complaint in short order to remove doubt as to probable

20  success of Ms. Spence's claims or irreparable harm to her.

## CONCLUSION

22         For the reasons discussed above, this Court DENIES Ms. Spence a TRO or other relief to enjoin

23  foreclosure proceedings.

24         IT IS SO ORDERED.

25  **Dated:    July 20, 2010**                    **/s/ Lawrence J. O'Neill**
                                                UNITED STATES DISTRICT JUDGE

26

27

28